UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NIKOLE OGLE,

        Plaintiff,

   v.

MANHATTAN LIFE ASSURANCE
COMPANY OF AMERICA,

        Defendant.

Case No. 2:21-cv-4978
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

Before the Court is Defendant Manhattan Life Assurance Company of America's ("Manhattan") Motion to Bifurcate and Stay. (ECF No. 4.) For the reasons stated herein, Manhattan's motion is **DENIED**.

**I.**

On November 8, 2018, Plaintiff Nikole Ogle purchased an individual disability insurance policy from Manhattan, whereby Manhattan agreed to pay Ms. Ogle a fixed monthly benefit in the event she became disabled and unable to work. Ms. Ogle submitted her first claim on September 5, 2019, and a second claim on May 11, 2020. Both claims were ultimately denied.

Following the second denial, Ms. Ogle brought suit against Manhattan alleging breach of contract and bad faith. (Compl., ECF No. 1.) Manhattan subsequently filed a motion to (1) bifurcate Ogle's breach of contract and bad faith claims and (2) stay discovery for the bad faith claim pending resolution of her underlying coverage claim. (ECF No. 4.) On the whole, it argues that these maneuvers would promote fairness and judicial economy. (*Id.* at PageID #69.) But the Court, at this juncture, disagrees.

1

II.

Federal Rule of Civil Procedure 42(b) governs the analysis of a bifurcation motion. The Court has full discretion to bifurcate claims "for convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). Whether or not bifurcation is warranted depends "on the facts and circumstances of each case." *Id.*; *see also Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996).

Generally, those who move for bifurcation bear the burden "of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Woods v. State Farm Fire & Casu. Co.*, No. 2:09-CV-482, 2010 WL 1032018, at *1 (S.D. Ohio 2010); *accord Bonasera v. New River Electrical Corp.*, 518 F. Supp. 3d 1136, 1149 (S.D. Ohio 2021) (citations omitted). And while the bifurcation-and-stay decision is, ultimately, a matter of discretion, courts typically consider how the maneuver could impact each party's respective interests, while also accounting for its desire to fairly and efficiently resolve the issues raised. *See Woods*, 2010 WL 1032018 at *3.

III.

Manhattan asserts that bifurcating and staying discovery for Ms. Ogle's bad faith claim is warranted, as the claim is "merely an attempt to prejudice Manhattan by avoiding or delaying resolution of [Ms. Ogle's] breach of contract claim." (ECF No. 4 at PageID #71.) The company also asserts that "[l]itigating the bad faith claim will almost certainly require discovery into the process [it used] in reviewing Ogle's 2019 and 2020 disability claims"—an endeavor which "will likely require Manhattan to invoke the attorney-client privilege," necessitating court intervention. (*Id.* at PageID #71-72.) To that end, Manhattan contends that the relief it seeks will promote judicial economy by preserving time and money. *Id*.

As the movant, Manhattan bears the burden of introducing specific evidence to support its assertion of prejudice. *Bonasera*, 518 F. Supp. 3d at 1149 (citations omitted). But the only "evidence" Manhattan has produced *is* its assertion of prejudice—*i.e.*, its contention that Ms. Ogle will gain "an unfair advantage" by "likely" forcing Manhattan to assert attorney-client privilege in discovery. (ECF No. 4 at PageID #71-72.) As this Court has held previously, that is far from enough. *Bonasera*, 518 F. Supp. 3d at 1149 (noting that the defendant, absent "specific evidence," could not meet its burden "merely by stating that it will prejudiced" during discovery); *see also Woods*, 2010 WL 1032018, at *3.

Nor is Manhattan's reliance on the *potential* efficiency benefits of bifurcating and staying Ogle's bad faith claim. At this point, "substantial discovery" in this case "has not taken place." *Woods*, 2010 WL 1032018, at *3. Thus, should Ms. Ogle's claims proceed to trial—and this Court has no present reason to doubt that they will—bifurcating her claims risks "requiring [her] to engage in two separate sets of discovery and two trials." *Id.* Given that Ms. Ogle's claims could likely be tried together, that would certainly come as an inconvenience to both Ms. Ogle and this Court. *See Bonasera*, 518 F. Supp. 3d. at 1150 ("Nothing suggests that the jury would be confused by hearing the bad-faith claim alongside the other claims.")

To that end, the Court is not persuaded that bifurcating and staying Ms. Ogle's bad faith claim would be appropriate. Accordingly, Manhattan's Motion to Bifurcate and Stay is **DENIED**. (ECF No. 4.) Should Manhattan gain "specific evidence" to support the need for bifurcation, it may re-raise the argument after discovery ensues.

This case shall remain open.

**IT IS SO ORDERED**.

3

4

**9/22/2022**                               **s/Edmund A. Sargus, Jr.**
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                               **UNITED STATES DISTRICT JUDGE**